NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PHILIP ROGERS, | No. 18-55102 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-00901-JC |
| v. | |
| DEBBIE ASUNCION, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, Presiding

Argued and Submitted September 11, 2019
Pasadena, California

Before: RAWLINSON, IKUTA, and BENNETT, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Philip Rogers appeals the district court's decision to deny his petition for a writ of habeas corpus.[1]  We have jurisdiction under 28 U.S.C. § 2253.

Rogers failed to establish that his trial counsel rendered ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Even if Rogers's trial counsel had introduced evidence that Mary Webster had .28 micrograms per milliliter of cocaine in her system at the time of the accident, there is not a reasonable probability that the result of the proceeding would have been different, given the jury was presented with evidence that Rogers had a high level of intoxication at the time of the incident, was driving with a revoked license over the speed limit, and had prior convictions for both driving under the influence of alcohol and driving while having 0.08% alcohol or more in his blood. Further supporting this conclusion, Rogers failed to introduce evidence that the cocaine in Ms. Webster's system had any intoxicating effect, and the video footage of the incident presented to the jury did not show that Ms. Webster's movements at the time of the incident indicated intoxication. Because we conclude on de novo review that Rogers failed to show that any deficient performance of trial counsel

---

[1] We grant Rogers's motions to take judicial notice of a Google map depicting the intersection where the events at issue took place and to transmit to the Court and take judicial notice of a video of the accident introduced during Rogers's trial in state court.  *See McCormack v. Hiedeman*, 694 F.3d 1004, 1008 n.1 (9th Cir. 2012); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

prejudiced the defense, we need not reach the question whether we afford AEDPA deference to the state court's decision. *See Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010).

**AFFIRMED.**